## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Ehlis, on behalf of himself and all others similarly situated<br><br>Plaintiff<br>v.<br><br>DAP Products, Inc.,<br><br>Defendant | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through undersigned Counsel, brings this action on his own behalf and on behalf of the Class defined below against DAP Products, Inc. ("DAP" or "Defendant"). The Plaintiff alleges upon facts and information and belief as follows.

### INTRODUCTION

1.      Plaintiff brings claims against DAP on behalf of a class action consumers who purchased DAP 3.0 "Crystal Clear" Kitchen, Bathroom and Plumbing Sealant ("DAP Clear Sealant").

2.      Defendant manufactures, advertises, sells, and distributes DAP Clear Sealant throughout the United States for use in kitchens and bathrooms.

3.      DAP claims both in its advertisements and in the very name of the product that DAP Clear Sealant is "crystal clear." However, contrary to the product name and DAP's representations, DAP Clear Sealant turns yellow within several weeks to months of its application.

4.      Despite years of customer feedback regarding the product's discoloration defect, DAP continues to market and advertise that DAP Clear Sealant is clear. DAP makes

1

these assertions on its packaging, in advertising, in its technical product bulletins, and in information displayed to customers on its website.

5.     Defendant's misrepresentations regarding its product's clarity caused Plaintiff to pay significantly more for DAP Clear Sealant than he would have otherwise. Plaintiff's experience with DAP Clear Sealant and his injuries caused by DAP's misrepresentations are typical of a class of consumers who purchased DAP Clear Sealant.

## PARTIES

**A.     Plaintiff**

6.     Plaintiff Brandon Ehlis is and was, at all times material herein, a resident of the State of Minnesota. Plaintiff purchased DAP Clear Sealant from Home Depot within the Class Period that yellowed shortly after application. Plaintiff Ehlis suffered injury as a result of Defendant's conduct alleged herein.

**B.     Defendant**

7.     DAP Products, Inc. is a Delaware corporation headquartered in Baltimore, Maryland. It is a subsidiary of parent company RPM, a publicly-traded American multinational company headquartered in Medina, Ohio. DAP is, per its own parent company, the #1 Caulk & Sealant Supplier in North America.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the instant lawsuit pursuant to 28 U.S.C. § 1332(d)(2), because the parties are sufficiently diverse, there are more than 100 members in the class and the aggregate amount in controversy exceeds $5,000,000, exclusive of attorneys' fees, interest, and costs.

9.      This Court has personal jurisdiction over the Defendant because it conducts substantial and continuous business in the State of Minnesota.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because a substantial part of the events or omissions that give rise to the claims occurred within the State of Minnesota and the Defendant conducts a substantial part of its business within this District.

## FACTUAL ALLEGATIONS

11.     Purchasers use sealant products to create watertight seals around tile, sinks, and other bathroom and kitchen fixtures.

12.     Because the sealant installed in kitchens and bathrooms is often visible, the color of a sealant is one of the primary features that consumers use when choosing between products. As a result, sealants come in many colors. For example, on Home Depot's website under the Kitchen and Bathroom Sealant Category, customers can choose among the following colors: Almond, Clear, Crystal Clear, and White.

13.     DAP 3.0 Crystal Clear Kitchen, Bath and Plumbing Sealant, as its name indicates, is a sealant product manufactured by DAP that is used in bathroom and kitchens.

14.     DAP heavily advertises that this sealant is "crystal clear" and that "[t]he Crystal Clear clarity allows the beauty of the surface to shine through the sealant."[1]

---

[1] DAP Technical Bulletin, DAP 3.0 Kitchen, Bath & Plumbing Caulk with Microban Antimicrobial Product Protection – Crystal Clear, p.1, https://images.homedepot-static.com/catalog/pdfImages/7b/7ba5f042-13f5-4586-b448-b398baa3941c.pdf.

15.    DAP's advertisements for the DAP Clear Sealant emphasize the product's ability to "do the job right the first time" and claims that the product is "formulated to stand the test of time."[2]

16.    DAP's advertising of DAP Clear Sealant also claims the product is "clearer than silicone."[3] The product is labeled with "Crystal Clear" twice at the very top of the packaging, as seen below:



### I.    Defendant Has Been Aware of DAP Clear Sealant's Yellowing Defect for Years.

---

[2] https://www.homedepot.com/p/DAP-3-0-9-oz-Crystal-Clear-Kitchen-Bath-and-Plumbing-Sealant-00795/100662614 (see video in item description) (last visited July 21, 2020).
[3] *Id.*

17.     Contrary to DAP's statements regarding DAP Clear Sealant's clarity and coloration, users of the sealant have been unpleasantly surprised when the sealant yellows quickly—anywhere from weeks to months—after being installed around kitchen and bathroom fixtures. Customers describe the discolored DAP Clear Sealant as "amber", "yellow", "urine yellow", and "the most awful yellow color you've ever seen."

18.     Defendant has known since at least 2012 that DAP Clear Sealant tended to yellow and did not remain "crystal clear." Consumer reviews of the product have consistently and frequently discussed the discoloration issue for nearly a decade. Furthermore, DAP representatives responded to many reviews concerning the product's discoloration and requested customers provide additional information, indicating that DAP was on notice of the yellowing defect. The following are a sample of reviews for DAP Clear Sealant over several years:



BathroomRemod…

**Worst Caulk ever**



★★★★★                                December 4, 2013

Quality :                    ▮▯▯▯▯   1
Value :                      ▮▯▯▯▯   1

This caulk turns YELLOW after a short time, it is NOT CRYSTAL CLEAR! I love how they underline "crystal clear" on the package. Well it does come out of the tube clear and stays clear for a couple of weeks. DO NOT BUY THIS!

**Cons:** turns yellow



---

**DannyT**

Bristol, CT

🗙 DIY

🔖

Top 250 Contributor

**Not for show...**

★★★★★                                November 10, 2014

Quality :                    ▮▮▮▮▯   4
Value :                      ▮▮▮▮▯   4

Works great as a hidden sealant, especially around plumbing. No leaks as of yet! I wouldn't use it any place that is in view, as it will dry a weird color. I would recommend to anyone looking for a quality sealant at a great price.

**Pros:** Very Adhesive, Easy to Apply, Good Coverage, Easy to Use, Dries Quickly

---

**MMMM**

Chicago

**This garbage turns yellow in a few months**

★★★★★                                April 8, 2015

Quality :                    ▮▯▯▯▯   1
Value :                      ▮▯▯▯▯   1

Sticky and harder than other caulks to apply and smooth. It looked OK at first, but I had to remove it after a year because it turned very, very yellow. Do not buy this product.

**Cons:** Difficult to Clean, turns yellow in less than a year

6

Caulky

atlanta ga

**Crystal clear caulk, or urine-yellow-tacky-glue?**

  July 22, 2015

Quality :   1

Too tacky to form a good bead. Even when I used the painters tape technique, the caulk is so tacky that when the tape was pulled away it left many ripples. After a few months the caulk is now urine-yellow.

Was this helpful?  👍 5  👎 0  🏳

> **Response from**
> July 27, 2015
>
> We're sorry to hear about your experience with DAP® 3.0™ Kitchen, Bath & Plumbing High Performance Sealant, at your convenience, please contact DAP's Technical Customer service Department at 888-327-8477 so that we can obtain some additional information from you and so that we can arrange to provide you with replacement product for the DAP® 3.0™ Kitchen, Bath & Plumbing High Performance Sealant that did not perform satisfactorily.
>
> 

jhedman

denver, co

**Looking for clear? Don't buy this.**

  January 25, 2016

Quality :  ▮▯▯▯▯ 1
Value :  ▮▮▮▯▯ 3

Although technically this caulk appears to be working well from a waterproofing perspective, it's failing me big time as a "clear caulk". The non-clear versions may work very well, but the clear version has begun to turn terribly yellow after just four months. Even on my white quartz counters. Big deal, now what do I do with an entire bathroom i just remodeled with this?

**Pros:** Easy Instructions, Easy to Apply, Good Protection

**Cons:** yellows

tj

Auburn, CA

DIY

**Turned Yellow-Avoid**

★★★★★                                    March 4, 2016

Quality :        ▬ ▬▬ ▬▬ ▬▬ ▬▬   1
Value :          ▬ ▬▬ ▬▬ ▬▬ ▬▬   1

Remodeled my bathroom. After 6 months the caulk has turned yellow. This was a
tremendous amount of work which will need to be redone . I will contact the company
and see what a lifetime warranty is good for.

**Pros:** Easy Instructions

**Cons:** turns yellow

buffalomandm

**Garbage turns yellow and molds in months**

★★★★★                                    September 26, 2016

Quality :        ▬▬ ▬▬ ▬▬ ▬▬ ▬▬   1
Value :          ▬▬ ▬▬ ▬▬ ▬▬ ▬▬   1

Garbage turns yellow and molds in months!! 4 year old house decided the caulk in the
master shower should be changed wish I never found this 3.0! Its not crystal clear in a
few months!

Was this helpful?        👍 1    👎 0    🚩

**Response from**
September 29, 2016

Thank you for posting your feedback. We're sorry to hear about your experience
with DAP® 3.0™ High Performance Kitchen, Bath & Plumbing Sealant, at your
convenience, please contact DAP's Technical Customer Service Department at
888-327-8477 so that we can obtain some additional information from you and so
that we can arrange to provide you with replacement product for the DAP® 3.0™
High Performance Kitchen, Bath & Plumbing Sealant that did not perform
satisfactorily.

DAP

8

D41hidig

I used this on the backsplash for a bathroom vanity and
around tub fixtures. I read the reviews, ...

 November 30, 2016

I used this on the backsplash for a bathroom vanity and around tub fixtures. I read the
reviews, so I expected it to be difficult to work with. Yes it is difficult to use, but my
biggest beef with this caulk is the color change. A few months post install, the clear
turns urine yellow, not attractive for a bathroom. See picture. The product is very sticky
and seems quite durable, however the color change is a deal breaker for me. There is
some shrinkage over time, but probably not anymore than any other caulk. If you do
decide to use this then here are my tips for working with this stuff. Have plenty of mineral
spirits and rags for cleanup and tooling. You can use your finger (with a tight fitting
rubber glove) or a tooling device (I used a spoon). I would have a cup of mineral spirits
ready for dipping your finger/tooling device in. Tape your caulk line but don't use
standard masking tape because it will rip when you go to pull it off. When it rips you
have to dig out the tape, often your clumsy fingers will ruin your freshly laid bead as you
try to dig out the tape. Trying to smooth out this damage without tape to keep the edges
clean is difficult and frustrating. I ended up using frog tape, which didn't rip. Work in
small sections, like 2 feet or less, because it does set up fast. Make sure you pull the
tape after tooling each section. If you wait too long to pull the tape you won't get a clean
edge. Last tip is this a lot easier with a quality caulk gun, don't use a cheap caulk gun.
For some reason the clear dap 3.0 is REALLY difficult to squeeze out (compared to white
Dap 3.0). I literally collapsed the handle on a cheapo caulk gun rendering the gun
inoperable.



9

Adrian

Dap 3.0 Sealant

 ★★★★★                                    July 31, 2017

I used the "clear" version of this stuff only to end up redoing all the work. I had no problem applying it and it looked great initially but it doesnt stay clear, it ambers really bad, even when its not exposed to UV light. I will never use this garbage again.

Was this helpful?      👍 1    👎 0    🏳

Response from
July 31, 2017

Thank you for posting your feedback. We're sorry to hear about your experience with DAP 3.0 High Performance Kitchen, Bath & Plumbing Sealant. At your convenience, please contact DAP's Technical Customer Service Department at 888-327-8477 so that we can obtain some additional information from you about your experience.



Jack

Palmdale, Ca

Be ready to replace this sealant within two years.

 September 9, 2017

Customer re

I used this product for the shower and it was great for about a year then it began to yellow. Another year went by and it looked like shot. I was thinking that shower cleaners might be the cause but I kept the tube and the dry sealer at the tip is turning yellow as well. The tube was kept in a dark cabinet so it is not light causing it to yellow.

Was this helpful?  0  0 

Response from dappwr
September 28, 2017

Thank you for posting your feedback. We're sorry to hear about your experience with DAP 3.0 High Performance Kitchen, Bath & Plumbing Sealant, at your convenience, please contact DAP's Technical Customer Service Department at 888-327-8477 so that we can obtain some additional information from you regarding your experience.

Econtractor

Garbage. TURNS YELLOW after few weeks. Now have have a
ton of work to fix, cut out touch up dry...

 ★★★★                                            April 14, 2018

Garbage. TURNS YELLOW after few weeks. Now have have a ton of work to fix, cut out
touch up drywall and paint. Total junk product. CLEARLY NOT tested

Was this helpful?         1      0     

> **Response from**
> April 16, 2018
>
> Thank you for posting your feedback. We're sorry to hear about your experience with
> DAP 3.0 High Performance Kitchen, Bath & Plumbing Sealant, at your convenience,
> please contact DAP's Technical Customer Service Department at 888-327-8477 so
> that we can obtain some additional information from you regarding your experience.
>
> 

CaptnDon

Applied by a professional on new construction finished bath
room. Yellowed out in less than a we...

 ★★★★                                            April 20, 2018

Applied by a professional on new construction finished bath room. Yellowed out in less
than a week. Looks terrible and will be cut out or painted. Lifetime guarantee does no
cover discoloration. USE AT YOUR OWN RISK.



**CS**

wethersfield, CT

Label as "Crystal clear then yellow".

★★★★★

September 3, 2018

Customer revi

Applied it onto brand new kitchen backsplash and white granite countertop. Year later and it's all yellow. Waste of money and now my time to remove it.

Was this helpful?     👍 0     👎 0     🚩

**MadHandyman**

I caulked my daughters new granite bathroom sink and 4 months later had to dig it out. The cryst...

★★★★★

April 9, 2019

| Quality : | ████░░░░░░ | 1 |
| Value : | ████░░░░░░ | 1 |

I caulked my daughters new granite bathroom sink and 4 months later had to dig it out. The crystal clear yellows and looks like crap. This tube of caulking has cost me 4 hours of frustration. Do not buy Dab products.

**Drew**

Black with mold in a shower stall within 1 year. The non-moldy bits were very yellow within 2. Ch...

★★★★★

April 30, 2019

| Quality : | ████░░░░░░ | 1 |
| Value : | ████░░░░░░ | 1 |

Black with mold in a shower stall within 1 year. The non-moldy bits were very yellow within 2. Cheapest stuff out there lasts much longer between replacements.



Jonathan

**TURNS YELLOW!**

★★★★★                                    July 4, 2019

Goes on thick and crystal clear. Perfect until about 2 months later turns light amber, then full on YELLOW! Have fun wasting time when you have to remove it all over your acrylic cheap tub you bought at Home Depot that was recommended by Delta tub in the manual. Do not, I repeat, do not buy this product!

Jessica

**Would not recommend! Used this for my tub surround...**

★★★★★                                    April 15, 2020

Would not recommend! Used this for my tub surround about 2 weeks ago and it already started turning yellowish. I even made sure everything was clean and dry before putting it on. (The discoloration is under the caulk) Not worth the money.

Was this helpful?        👍 0      👎 0      🚩

19.    Plaintiff Ehlis purchased DAP Clear Sealant because of its assertion that the sealant was "crystal clear." However, consistent with the complaints above, Plaintiff's DAP sealant yellowed after several months of the sealant's application.  Plaintiff either would not have purchased DAP Clear Sealant or would have paid less than he did had DAP disclosed the potential for discoloration.

## II.    Defendant Made Efforts to Conceal the Defective Nature of DAP Clear Sealant By Diluting Negative Customer Reviews.

20.    After several years of its customers leaving overwhelmingly negative reviews calling attention to the product's discoloration defect, Defendant continued to market DAP Clear Sealant as "Crystal Clear." Rather than changing its marketing or addressing the discoloration defect by changing the product's formula, DAP instead diluted

14

the negative reviews in an attempt to mislead consumers as to the color of DAP Clear Sealant.

21.     On Home Depot's product page for DAP Clear Sealant, between June 2010 and February 2018, there were approximately 32 reviews. Out of these reviews, there were only five positive reviews that did not mention a discoloration issue.[4] The remaining reviews were for one star, and the majority of these reviews mentioned the discoloration defect with DAP Clear Sealant.

22.      Beginning in or around March 2018, DAP ran a promotion where DAP would send individuals samples of DAP Clear Sealant in exchange for a review shortly after receiving the product. Through this promotion, DAP obtained a substantial number of positive reviews. These uncharacteristically positive reviews are densely clustered in March and April 2018. In these two months alone, DAP collected 35 positive reviews—*six times* the previous number of positive reviews from the past eight years—that were written because of the promotion.[5]

23.     The short time frame in which these promotional reviews were collected demonstrates the Defendant deliberately collected reviews that written *before* the yellow discoloration would occur and therefore schemed to collect misleading and inaccurate

---

[4] There were two additional four-star reviews that recognized the yellowing defect manifesting in the customer's product.

[5] The reviews written as part of DAP's promotion were identifiable by explicit disclosures that they were written as part of a promotion.

reviews. Through its efforts, DAP created a false impression as to the quality of DAP Clear Sealant.

24.     A consumer's primary source of knowledge about the accuracy of the "crystal clear" claim is DAP's marketing materials and other consumers' reviews on DAP's and retailers' websites. Because of DAP's inaccurate advertisements and its scheme to produce misleading positive reviews, both sources of product information offered false information about the quality of DAP Clear Sealant.

25.     Through the aforementioned conduct, Defendant deliberately misled consumers about the true nature and quality of DAP Clear Sealant.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings all claims herein pursuant to Fed. R. Civ. P. 23.   The requirements of Fed. R. Civ. P. 23 are all satisfied with respect to the class defined below (the "Class"):

> All persons and entities in the United States who, during the Class Period from August 31, 2014 until the present, purchased DAP 3.0 Crystal Clear Kitchen, Bath and Plumbing Sealant for their own use and not for resale.

27.     Excluded from the Class are Defendant, any entities in which Defendant has a controlling interest, any of Defendant's parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, and the presiding judge(s) in this case and his, her, or their immediate family.

**A.    The Proposed Class Satisfies the Rule 23(a) Prerequisites.**

28.    **Numerosity**: At this time, Plaintiff does not know the exact size of the Class. However, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are at least well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

29.    **Commonality**: There are questions of law or fact common to the Class, which include but are not limited to the following:

    a.    Whether DAP Clear Sealant is subject to yellowing after application;

    b.    Whether Defendant knew, or should have known, of the defective nature of DAP Clear Sealant before making it available for purchase and use by the Plaintiff and the Class;

    c.    Whether Defendant failed to disclose to Plaintiff and the Class the defective nature of DAP Clear Sealant;

    d.    Whether Defendant had a duty to Plaintiff and the Class to disclose the true nature of DAP Clear Sealant;

    e.    Whether the facts not disclosed by Defendant to Plaintiff and the Class are material facts;

    f.    Whether Defendant represented to Plaintiff and the Class that DAP Clear Sealant was of a different quality and coloration than the sealant actually was;

17

g.  Whether Defendant knew, or should have known, that DAP Clear Sealant would yellow and otherwise is not as represented by Defendant;

h.  Whether Defendant intended Plaintiff and members of the Class to rely on the statements regarding DAP Clear Sealant's "Crystal Clear" clarity and coloration;

i.  Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

j.  Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

k.  Whether Defendant should be enjoined from continuing to market DAP Clear Sealant using misleading misrepresentations and omission of material facts.

30.  **Typicality**: The claim of the representative Plaintiff is typical of the claims of the Class, because, among other things, all Class members were comparably injured through Defendant's wrongful conduct as described above.

31.  **Adequacy of Representation**: Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests adverse to those of the Class.

**B.     The Proposed Class Satisfies the Rule 23(b)(2) Prerequisites for Injunctive Relief.**

32.     Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains in the market for sealants; and there is no way for him to know when or if Defendant has ceased misrepresenting the clarity and coloration of DAP Clear Sealant products, and there is therefore in danger of being harmed again.

33.     Specifically, Defendant should be ordered to cease from using further advertisements and product information that inaccurately states the clarity and coloration of DAP Clear Sealant.

34.     Defendant's ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

**C.     The Proposed Class Satisfies the Rule 23(b)(3) Prerequisites for Damages.**

35.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

## ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS

36.     Defendant knew or reasonably should have known that DAP Clear Sealant was defective before its sale. Defendant intentionally concealed material truths concerning DAP Clear Sealant from the general public and members of the Classes, while continuing to falsely represent the DAP Clear Sealant was "Crystal Clear" and fit for its intended use.

37.     Defendant affirmatively represented to the general public that DAP warrants the performance of DAP Clear Sealant "for sealant purposes during the lifetime of [consumers'] home." This "Lifetime Guarantee" is prominently placed on the front of the product packaging, as well as in the promotional material and in the product's technical bulletin and is not tied to any one particular claim. Through these representations, Defendant created a reasonable expectation among ordinary consumers and in the construction trades that DAP Clear Sealant's touted features—including its coloration— would last at least several years, if not far longer.

38.     Defendant's acts of fraudulent concealment also include, but are not limited to, using improper tactics to mislead consumers' expectations in order to obscure the true nature of DAP Clear Sealant's coloration defect.

39.     Based upon Defendant's misrepresentations and concealment, Defendant is equitably estopped from asserting a statute of limitations defense.

40.     Alternatively, to the extent that Defendant pursued a common policy of denying warranty claims or other consumer complaints about DAP Clear Sealant through improper tactics that made it near impossible for Plaintiff and the Class to assert their rights in a timely manner, Defendant is equitably estopped from asserting a statute of limitations defense.

<u>COUNT I</u>
**Unfair or Deceptive Trade Practices – Maryland Consumer Protection Act
("MCPA") – Md. Com. Law §§ 13-301, *et seq.***

41.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

42.     Plaintiff and members of the Class are "consumers" within the meaning of
the MCPA, Md. Com. Law § 13-101(c).

43.     The DAP Clear Sealant sold by Defendant is a "consumer good" as defined
by the MPCA, Md. Com. Law § 13-101(d).

44.     Defendant is a person as defined in the MPCA, Md. Com. Law § 13-101(h).

45.     Defendant, by making prominent claims regarding the "Crystal Clear" finish
of DAP Clear Sealant, misrepresented the clarity and coloration of the sealant. The false
statements of the color and clarity of the DAP Clear Sealant were untrue, misleading, and
deceptive, inducing Plaintiff to purchase a product that was of a significantly poorer quality
than what was advertised.

46.     Defendant's misrepresentations of the clarity and coloration of its product is
a material fact to Plaintiff and other consumers because it is directly related to the quality
of such a product and one of principal reasons for purchasing the product. Defendant
recognizes the materiality of its representations as evidenced by the "Crystal Clear" claim's
prominent placement on Defendant's labels, packaging, brochures, and other promotional
materials.

47.     Defendant placed the false "Crystal Clear" claim on its packaging, in
advertisements, and in technical bulletins related to the DAP Clear Sealant, intending that

consumers would rely on those misrepresentations and purchase the sealant from Defendant.

48.     Defendant schemed to artificially increase the number of positive reviews of DAP Clear Sealant by setting up a promotion to provide free samples to individuals who would submit a review within a short time period. Through this promotional structure, DAP ensured that reviewers had not yet experienced the product's discoloration. This effort by Defendant to dilute the overwhelmingly negative reviews of DAP Clear Sealant and increase the positive reviews of the product constitutes a fraudulent scheme that materially misled consumers as to the quality of the product.

49.     Plaintiff and the Class were harmed by Defendant's misrepresentations. Consumers, including Plaintiff and the members of the Class would either have not purchased DAP Clear Sealant, or else would not have paid as much for the DAP Clear Sealant had Defendant accurately disclosed the clarity and coloration issues.

50.     Plaintiff and members of the Class have suffered loss by paying more than they would have otherwise paid—and more than Defendant would have been able to charge—for the DAP Clear Sealant and by receiving a product of a lower quality than they were promised by Defendant.

**COUNT II**
**Breach of Express Warranty**
**Md. Com. Law § 2-313**

51.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

52.     An express warranty is created by a seller to a buyer by any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part

of the basis of the bargain, or by any description of the goods which is made part of the basis of the bargain, *inter alia*.

53.     As described herein, Defendant placed the false statements regarding DAP Clear Sealant's clarity and coloration in advertisements, on its packaging, and in Technical Bulletins, intending that consumers would rely on those misrepresentations and purchase DAP Clear Sealant.

54.     Defendant's false statements regarding DAP Clear Sealant's clarity and coloration became a basis of the bargain, and Plaintiff and members of the Class expected that the sealant that they purchased would conform to Defendant's affirmations of the clarity and coloration.

55.     Furthermore, Defendant affirmatively represented to the general public that DAP warranted the performance of DAP Clear Sealant "for sealant purposes during the lifetime of your home." Through these representations, Defendant created a reasonable expectation among ordinary purchasers that DAP Clear Sealant's touted features— including its coloration—would last at least several years, if not far longer. Plaintiff and the Class were harmed by Defendant's misrepresentations and purchased the DAP Clear Sealant.

56.     Had Defendant disclosed the true quality and coloration of the DAP Clear Sealant, Plaintiff and members of the Class would not have purchased the sealant, or else would not have been willing to pay as much for the sealant.

57.     Plaintiff and members of Class have suffered loss by paying more than they would have otherwise paid for the DAP Clear Sealant and by receiving Sealant without the characteristics than they were promised by Defendant.

### COUNT III
### Breach of Implied Warranty
### Md. Com. Law § 2-314

58.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

59.     DAP Clear Sealant is subject to implied warranty of merchantability, as defined in 15 U.S.C. § 2308 and Md. Com. Law, § 2-314, running from the Defendant to the Plaintiff and the class.

60.     Every sale of consumer goods shall be accompanied by the manufacturer's and the retail seller's implied warranty that that the goods are merchantable which includes that the goods are fit for their ordinary purposes for which such goods are used, pass without objection in the trade under the contract description, and conform to the promises or affirmations of fact made on the container or label.

61.     As described herein, the DAP Clear Sealant sold to Plaintiff and members of the Class was not as described by Defendant in the contract description. Had the true and accurate clarity and coloration of the product been known, it would not have passed without objection in the trade and consumers would not have purchased the sealant, or would have been willing to pay less, because the sealant did not comply with the contract descriptions, which described the sealant as being "crystal clear" despite the product's tendency to yellow quickly.

62.     Clear sealant products are specifically selected by consumers who wish to use such products to make a near-invisible seal around various fixtures and plumbing, making such use the ordinary purpose of the products. Because the coloration and clarity of the DAP Clear Sealant is different than described, the sealant purchased by Plaintiff and members of the Class are unfit for that ordinary purpose.

63.     As described herein, the sealant sold to Plaintiff and members of the Class did not conform to the promises or affirmations of fact made on the packaging and labels associated with the sealant. The advertising, packaging, and technical bulletin contain representations that the product is "crystal clear" despite the product yellowing within a short span of time after application.

64.     Plaintiff and the members of the Class were harmed by these implied warranties by purchasing the DAP Clear Sealant.

65.     As a result of Defendant's breaches of its implied warranties of merchantability, Plaintiff and members of the Class have been injured. Had Defendant disclosed the true quality and coloration characteristics of the DAP Clear Sealant, Plaintiff and members of the Class would not have purchased the sealant, or else would not have been willing to pay as much for the sealant.

**<u>COUNT IV</u>**
**Violation of Minnesota's Prevention of Consumer Fraud Act – Unlawful Practices, Minn. Stat. §§ 325F.68,** ***et seq.***

66.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

67.     The DAP Clear Sealant sold by Defendant is merchandise as defined in Minnesota Statutes § 325F.68, subd. 2.

25

68.     Defendant is a person as defined in Minnesota Statutes § 325F.68, subd. 3.

69.     Defendant, by making prominent claims regarding the "Crystal Clear" finish of DAP Clear Sealant, misrepresented the clarity and coloration of the sealant. The false statements of the color and clarity of the DAP Clear Sealant were untrue, misleading, and deceptive, inducing Plaintiff to purchase a product that was of a significantly poorer quality than what was advertised.

70.     Defendant's misrepresentations of the clarity and coloration of its product is a material fact to Plaintiff and other consumers because it is directly related to the quality of such a product and one of principal reasons for purchasing the product. Defendant recognizes the materiality of their representations as evidenced by the "Crystal Clear" claim's prominent placement on Defendant's labels, packaging, brochures, and other promotional materials.

71.     Defendant placed the false "Crystal Clear" claim on its packaging, in advertisements, and in technical bulletins related to the DAP Clear Sealant, intending that consumers would rely on those misrepresentations and purchase the sealant from Defendant.

72.     Defendant schemed to artificially increase the number of positive reviews of DAP Clear Sealant by setting up a promotion to provide free samples to individuals who would submit a review within a short time period. Through this promotional structure, DAP ensured that reviewers had not yet experienced the product's discoloration. This effort by Defendant to dilute the overwhelmingly negative reviews of DAP Clear Sealant and

increase the positive reviews of the product constitutes a fraudulent scheme that materially misled consumers as to the quality of the product.

73.    Plaintiff and the Class were harmed by Defendant's misrepresentations. Consumers, including Plaintiff and the members of the Class would either have not purchased DAP Clear Sealant, or else would not have paid as much for the DAP Clear Sealant had Defendant accurately disclosed the clarity and coloration issues.

74.    Plaintiff and members of the Class have suffered loss by paying more than they would have otherwise paid—and more than Defendant would have been able to charge—for the DAP Clear Sealant and by receiving a product of a lower quality than they were promised by Defendant.

**COUNT V**
**Violation of Minnesota's Uniform Deceptive Trade Practices Act,**
**Minn. Stat. §§ 325D.43, *et seq.***

75.    Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

76.    As described herein, Defendant made false claims regarding DAP Clear Sealant's clarity and coloration in advertisements and product information. Defendant represented that the DAP Clear Sealant was of a particular standard, quality, quantity, and grade when the sealant was in fact of a lower standard, quality, quantity, and grade. By representing that the sealant product was "Crystal Clear", Defendant misled Plaintiff and members of the Class into believing that the sealant would remain clear and that the sealant was of a higher quality than it actually was. Additionally, DAP's scheme to dilute the number of negative reviews of DAP Clear Sealant materially misled consumers as to the quality of the product.

77.     Plaintiff and members of Class have suffered loss by paying more than they would have otherwise paid for DAP Clear Sealant and by receiving a sealant product of lower quality than they were promised by Defendant.

## COUNT VI
### Violations of the Minnesota Unlawful Trade Practices Act,
### Minn. Stat. § 325D.13

#

78.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

79.     Minnesota Stat. § 325D.13 provides: "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality, ingredients or origin of such merchandise."

80.     Defendant is a "person" within the meaning of Minn. Stat. § 325D.10.

81.     Defendant knowingly misrepresented directly to Plaintiff and consumers the true quality of their merchandise, in advertising and selling its merchandise, by falsely making claims regarding DAP Clear Sealant's clarity and coloration. By representing that the sealant product was "Crystal Clear", Defendant misled Plaintiff and members of the Class into believing that the sealant would remain clear and that the sealant was of a higher quality than it actually was, and Defendant thus violated Minn. Stat. § 325D.13.

82.     Additionally, DAP schemed to dilute the negative reviews of DAP Clear Sealant, causing Plaintiff and Class members to wrongly believe that DAP Clear Sealant was a quality product.

83.     Plaintiff and members of Class have suffered loss by paying more than they would have otherwise paid for DAP Clear Sealant and by receiving a product of a lower quality than they were promised by Defendant.

28

## COUNT VII
### Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act
### 15 U.S.C. §§ 2301, *et seq.*

84.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

85.     The Plaintiff and class members are "consumers" as identified in 15 U.S.C. § 2301(3).

86.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. §§ 2301(4) and (5).

87.     DAP Clear Sealant is a "consumer product" as defined in 15 U.S.C. § 2301(6). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

88.     15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the DAP Clear Sealant within a reasonable time and without charge to the Plaintiff and class members.

89.     As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time and without charge to Plaintiff and class members, Plaintiff and class members have suffered damages.

## COUNT VIII
### Unjust Enrichment

90.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

91.     As described herein, Defendant made false claims regarding DAP Clear Sealant's clarity and coloration in advertisements and product information, intending that consumers would rely on those misrepresentations and purchase the sealant from

Defendant.  DAP also misled consumers by its scheme to dilute the number of negative reviews of DAP Clear Sealant.

92.    Had Defendant disclosed the true quality and coloration characteristics of the DAP Clear Sealant, Plaintiff and members of the Class would not have purchased the sealant, or else would not have been willing to pay as much for the sealant.

93.    Defendant generated profits from misleading Plaintiff and members of the Class into purchasing DAP Clear Sealant.

94.    Defendant has been knowingly and unjustly enriched at the expense of and to the detriment of Plaintiff and the members of the Class by collecting excess profits to which Defendant is not entitled.

95.    Defendant's actions were unjust because, absent the material misrepresentations about the clarity and coloration of the DAP Clear Sealant, it would not have been able to receive as much money for the sealant as it did, and as Plaintiff paid due to the false statements.

96.    Defendant has unjustly retained those ill-gotten profits and should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests relief as follows:

1.    Certification of the Class as defined herein pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), (b)(2), (b)(3), or a combination of subsections;

2.     Appointment of Plaintiff as Class Representative and the undersigned counsel as Class Counsel;

3.     Restitution of all charges paid by Plaintiff and members of the Class because of Defendant's deceptive business practices as described herein;

4.     Disgorgement and restitution to Plaintiff and to members of the Class of all monies wrongfully obtained and retained by Defendant;

5.     Compensatory and actual damages in an amount according to proof at trial;

6.     Statutory damages and penalties, as provided by law;

7.     Prejudgment interest commencing on the date of payment of the charges and continuing through the date of entry of judgment in this action;

8.     Costs and fees incurred in connection with this action, including attorneys' fees, expert witness fees, and other costs, as provided by law; and

9.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:   August 31, 2020                     Respectfully submitted,

                                             */s/ David A. Goodwin*
                                             Daniel E. Gustafson (MN Lic. #202241)
                                             Daniel C. Hedlund (MN Lic. #258337)
                                             David A. Goodwin (MN Lic. #0386715)
                                             Kaitlyn L. Dennis (MN Lic. #0397433)
                                             **GUSTAFSON GLUEK PLLC**
                                             Canadian Pacific Plaza
                                             120 South Sixth Street, Suite 2600
                                             Minneapolis, MN 55402
                                             Telephone: (612) 333-8844
                                             dgustafson@gustafsongluek.com

dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
kdennis@gustafsongluek.com

Brian C. Gudmundson (MN Lic. #336695)
Michael J. Laird (MN Lic. #398436)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com

*Counsel for Plaintiff*