

**MINNESOTA OFFICE**
CANADIAN PACIFIC PLAZA
120 S. 6TH ST., STE 2600
MINNEAPOLIS, MN 55402

**CALIFORNIA OFFICE**
600 B STREET
17TH FLOOR
SAN DIEGO, CA 92101

**DAVID A. GOODWIN**
dgoodwin@gustafsongluek.com
TEL (612) 333-8844 • FAX (612) 339-6622
MINNESOTA OFFICE

July 28, 2020

<u>VIA CERTIFIED MAIL</u>
DAP Products, Inc.
Attn: Legal Department
2400 Boston Street
Suite 200
Baltimore, MD 21224

      Re:    **Claims of Brandon Ehlis under Minnesota and Maryland Law for Breach of Warranty**

Dear Counsel:

Please take notice that it has come to the attention of consumers, including Mr. Brandon Ehlis ("Plaintiff"), who purchased DAP 3.0 "Crystal Clear" Kitchen, Bathroom and Plumbing Sealant ("DAP Sealant"), that it appears DAP Products Inc. ("DAP") has engaged in deceptive and misleading consumer practices in connection with the marketing and sale of its DAP Sealant, in violation of Maryland's Consumer Protection Act (Md. Com. Law §§ 13-301, *et seq.*), the Minnesota Prevention of Consumer Fraud Act (Minn. Stat. §§ 325F.68, *et seq.*), Minnesota's Uniform Deceptive Trade Practices Act (Minn. Stat. §§ 325D.43, *et seq.*), Minnesota's Unlawful Trade Practices Act (Minn. Stat. § 325D.13).

DAP has also breached its express and implied warranties for DAP Sealant under Maryland law (Md. Com. Law §§ 2-31), Minnesota law, and the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*). This notice is served on you by Plaintiff on behalf of himself and all other members of the class of similarly situated persons he seeks to represent.

Plaintiff alleges the existence of a defect in DAP Sealant that results in yellow discoloration of the product after curing. This defect renders DAP Sealant unfit for its intended purpose.

Page 2
July 28, 2020

DAP violated the aforementioned laws by, among other things:

- failing to disclose the true quality and coloration of the DAP Sealant;
- making prominent claims regarding the "Crystal Clear" finish of DAP Sealant, thereby misrepresenting the clarity and coloration of the sealant;
- inducing Plaintiff and class members to purchase a product that was of a significantly poorer quality than what was advertised;
- placing the false "Crystal Clear" claim on its packaging, in advertisements, and in technical bulletins related to the DAP Sealant, intending that consumers would rely on those misrepresentations;
- representing to the general public that DAP warranted the performance of DAP Clear Sealant "for sealant purposes during the lifetime of your home", creating a reasonable expectation among ordinary purchasers that DAP Clear Sealant's touted features—including its coloration—would last at least several years, if not far longer.

Mr. Ehlis hereby demands that DAP:

A. Disseminate a notice reasonably intended to reach all current and former purchasers of DAP Sealant, in a form approved by the above counsel, setting forth the discoloration defect
B. Subject to monitoring and confirmation by above counsel, provide to each Class Member reimbursement for all expenses already incurred because of the defective DAP Sealant, including reimbursement of purchase price and consequential costs;
C. Immediately cease selling DAP Sealant without first notifying purchasers of the discoloration defect, and otherwise immediately cease to engage in the violations of the aforementioned laws.
D. Pay into a Court-approved escrow account an amount of money sufficient to pay Plaintiff's attorneys' fees and costs.

Sincerely,

GUSTAFSON GLUEK PLLC

David A. Goodwin

DAG/cmn