UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BRANDON EHLIS, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

DAP PRODUCTS, INC.,

        Defendant.

Case No. 20-CV-1872 (PJS/ECW)

ORDER

---

    David A. Goodwin, Daniel E. Gustafson, Daniel C. Hedlund, and Kaitlyn L. Dennis, GUSTAFSON GLUEK PLLC; Brian C. Gudmundson, Michael J. Laird, and Rachel K. Tack, ZIMMERMAN REED LLP, for plaintiff.

    Russell S. Ponessa and Anju Suresh, HINSHAW & CULBERTSON LLP; Charles W. Steese, Ijay Palansky, Alec Harris, and Amber Gonzales, ARMSTRONG TEASDALE, LLP, for defendant.

This is a putative class action brought by plaintiff Brandon Ehlis against defendant DAP Products, Inc. ("DAP").  Ehlis alleges that he bought a tube of DAP 3.0 Crystal Clear Kitchen, Bathroom, and Plumbing Sealant and that, even though DAP had represented that the sealant was "crystal clear," the sealant turned yellow sometime after Ehlis used it.  Ehlis brings a host of fraud and warranty claims against DAP, some under Maryland law, and others under Minnesota law.  DAP now moves to dismiss Ehlis's complaint.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Claims sounding in fraud are subject to the heightened pleading requirement of Fed. R. Civ. P. 9(b). To assert a fraud claim with the particularity required under Rule 9(b), a complaint must allege in detail "the who, what, when, where, and how" of the fraud. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997) (quotations and citation omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Com. Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

Ehlis's complaint falls well short of these standards, as it is woefully devoid of factual allegations. To cite just some of the most glaring omissions:

1. Ehlis does not identify where he bought the sealant. Ehlis alleges that he is a resident of Minnesota and that he "purchased DAP Clear Sealant from Home Depot." ECF No. 1 ¶ 6. But he does not say whether he ordered the sealant from Home Depot online or instead purchased the sealant at a Home Depot store. And he does not identify the location (even the state) of any Home Depot store that he visited.

2. Ehlis does not identify when he bought the sealant, other than to say that he bought the sealant "within the Class Period." *Id.* Given that the Class Period is identified as "from August 31, 2014 until the present," *id.* ¶ 26, Ehlis has not even identified the year in which he bought the sealant.

3. Ehlis alleges that he was misled by a representation that the sealant was "crystal clear," *id.* ¶ 19, but he does not provide any information about that representation. Ehlis generally alleges that DAP represents that its sealant is "crystal clear" "on its packaging, in advertising, in its technical product bulletins, and in information displayed to customers on its website." *Id.* ¶ 4. But Ehlis does not identify the source or sources of the representation that he read or heard; he does not, for example, allege that he relied on a representation on a package, or in an advertisement, or on DAP's website, or in a "technical product bulletin."

4. Ehlis does not identify where he was misled. He does not even identify the state in which he read or heard the allegedly fraudulent representation.

5. Ehlis does not identify when he was misled. He does not explain whether he read or heard the allegedly fraudulent representation moments before he bought the sealant or instead some days, weeks, months, or years earlier.

6. Ehlis does not identify where he used the sealant and thus was allegedly damaged by the misrepresentation. He does not even identify the state in which he used the sealant.

7. Ehlis does not identify when the sealant yellowed or when he discovered that the sealant had yellowed, aside from his general statement that the "sealant yellowed after several months of the sealant's application," *id.* ¶ 19—and thus he does not identify when he knew or had reason to know that DAP had misled him or breached warranties that it made to him.

To be clear, the Court is not holding that all of this information must be alleged in order for Ehlis to plead a single plausible claim. The Court is holding that, because

*none* of this information was alleged, Ehlis has not pleaded a single plausible claim.  The allegations of the complaint leave the Court without a basis even to identify which state's law applies to Ehlis's claims, much less to determine whether any of those claims are plausible under the applicable state law.

All of the missing information identified by the Court is presumably within the knowledge of Ehlis, and all of it could have been provided in a brief paragraph or two in the complaint.  The Court cannot fathom why Ehlis would not include these rudimentary factual allegations in his 32-page, eight-count complaint.  Nor can this Court fathom why Ehlis would not voluntarily file an amended complaint after these obvious deficiencies were (presumably) brought to his attention during the meet-and-confer session with DAP.  Adding a paragraph or two of facts to the complaint is a lot easier than drafting a 37-page brief defending the adequacy of an obviously inadequate complaint.[1]

---

[1]In his brief, Ehlis says:

> Plaintiff at all times could allege that: (1) Plaintiff resides in Minnesota; (2) DAP advertises, markets, and sells the Sealant in Minnesota; (3) Plaintiff purchased the Sealant in Minnesota; (4) Plaintiff applied the Sealant in his home in Minnesota; (5) the Sealant turned from clear upon application to yellow shortly thereafter in Plaintiff's Minnesota home . . . .

ECF No. 26 at 17.  But what matters when a court must rule on a Rule 12(b)(6) motion is
(continued...)

Because of the paucity of factual allegations, none of the claims in the complaint meet "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,'" *Twombly*, 550 U.S. at 557—much less the more demanding requirement of Rule 9(b) that the plaintiff "state with particularity the circumstances constituting fraud or mistake." The Court therefore grants DAP's motion to dismiss. But because this case is in its infancy—and because many of the complaint's deficiencies appear to be easily curable—the Court will stay its order dismissing this lawsuit for 21 days to give Ehlis a chance to move to amend his complaint. The Court warns Ehlis that it will not provide a second such opportunity—and thus, if Ehlis does draft a proposed amended complaint, he would be well-advised to include all of the missing factual information identified by the Court and to be as specific as possible.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[1](...continued)
not what the plaintiff *could* have alleged but what the plaintiff *did* allege. Here, Ehlis did *not* allege that he "purchased the Sealant in Minnesota," that he "applied the Sealant in his home in Minnesota," or that "the Sealant turned from clear upon application to yellow shortly thereafter in Plaintiff's Minnesota home."

1. Defendant DAP Products, Inc.'s motion to dismiss [ECF No. 15] is GRANTED.

2. Plaintiff Brandon Ehlis's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

3. Entry of judgment is STAYED until February 1, 2021 so that Ehlis may move pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1 for leave to file an amended complaint. Any such motion will be considered by Magistrate Judge Elizabeth Cowan Wright in the first instance.

4. If Ehlis does not file a motion for leave to file an amended complaint by February 1, 2021, or if Ehlis's timely-filed motion is denied, judgment will be entered pursuant to this order.

Dated: January 11, 2021         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge